[No. 14575.   Department One. — May 26, 1892.]

GEORGE KNEIER, APPELLANT, *v.* FRED WATROUS, RESPONDENT.

ACTION FOR LOSS OF MARE — PLEADING — FINDINGS. — In an action to recover the value of a mare, where the complaint contains two counts, the first charging the defendant with having "negligently chased and drove about" the plaintiff's mare, by reason whereof it was injured, and the second charging the defendant with having entered the inclosure where the mare was, "without right, and against the will and consent of the plaintiff," and chased and drove the mare about until she injured herself in attempting to escape, a finding that the defendant did not chase or drive the mare about the inclosure "negligently or at all," and that "the defendant did not damage, hurt, or injure, or cause to be damaged, hurt, or injured, the said mare," covers the only material issue.

APPEAL from an order of the Superior Court of San Joaquin County denying a new trial.

The facts are stated in the opinion of court.

*Louttit, Woods & Levinsky*, for Appellant.

It having been stipulated that the answer of the defendant was a sufficient answer to the amended complaint, which alleged that the defendant, without right, and without the consent of the plaintiff, entered upon the inclosure and pasture, and by reason of his said entry the mare was hurt, damaged, and killed, a material issue was thereby raised, and the failure of the court to find upon it was error for which a new trial should be granted. (*Knight* v. *Roche*, 56 Cal. 15; *Soto* v. *Irvine*, 60 Cal. 436; *Baggs* v. *Smith*, 53 Cal. 88.)   The entry of the defendant into the pasture without consent was a trespass, and the

interfering with the plaintiff's mare in any way whatsoever was a trespass, and the defendant is therefore liable for all injuries that happened therefrom. He who commits a trespass must be held to contemplate all the damages that may legitimately follow from his illegal act, whether he might have foreseen it or not. (Sedgwick on Measure of Damages, 80, note 2, 88; Civ. Code, sec. 3281, 3282; *Salisbury* v. *Herchenroder*, 106 Mass. 458; 8 Am. Rep. 354; *Arnick* v. *O'Hara*, 6 Black. 258; *Painter* v. *Baker*, 16 Ill. 103; *Cate* v. *Cate*, 50 N. H. 144; 9 Am. Rep. 179; *Burch* v. *Carter*, 32 N. J. L. 554; *Disbrough* v. *Tinbrock*, 4 E. D. Smith, 497; *Hubbard* v. *Hunt*, 41 Vt. 376; *Brooks* v. *Olmstead*, 17 Pa. St. 34; *Dexter* v. *Cole*, 6 Wis. 319; 70 Am. Dec. 465; *Waterman* v. *Hall*, 17 Vt. 128; 42 Am. Dec. 484.)

*Baldwin & Campbell*, for Respondent.

The court found from the evidence that defendant did not drive, did not chase, did not damage or injure, the mare, the property of plaintiff. Under those findings, if defendant did not cause any injury to the mare of plaintiff, it could not become a material inquiry whether defendant entered into the inclosure wrongfully or rightfully. These findings show conclusively that plaintiff was not entitled to recover, and that it is all that is required. (*Gates* v. *McLean*, 70 Cal. 45, 46; *Dyer* v. *Brogan*, 70 Cal. 139; *Spaulding* v. *Bradley*, 49 Cal. 457; *Malone* v. *County of Del Norte*, 77 Cal. 217; *Dougherty* v. *Nevada Bank*, 81 Cal. 162, 163.) As the defendant's own horse was in the pasture, he had the same right to go into the pasture that plaintiff had, and if by reason of his going there, and exercising his lawful right to take his property, plaintiff's mare was injured without any act or negligence on the part of defendant, it is *damnum absque injuria*. (*Gibson* v. *Puch Ta*, 33 Cal. 316; *Esmond* v. *Chew*, 15 Cal. 142; 5 Am. & Eng. Ency. of Law, 68.)

The COURT. — Plaintiff appeals from order refusing a new trial.

The action is to recover the value of a mare, which, it is averred, on the twenty-sixth day of June, 1889, was being pastured for plaintiff at the Learned and Harris ranch, then in charge of one Lowry.

Defendant also had a horse there on pasture, and went to the premises to get his animal. Lowry was not at the house, although on the premises, and defendant with his servant went into the pasture without obtaining actual permission so to do from any one, and drove his horse into the corral for the purpose of catching it. There were several other horses there on pasture besides these two, and some seven or eight went into the corral with defendant's, and were, of course, locked in while he proceeded to catch his horse. In doing this, his animal became frightened and jumped over the fence, and plaintiff's mare, attempting to follow, was killed. The real question in the case is, whether defendant is responsible.

The complaint contains two counts. The first charges the defendant with having "negligently chased and drove about" plaintiff's mare, by reason whereof it was injured. The charging part of the second is as follows: —

"That on or about the said twenty-sixty day of June, 1889, the said defendant, without right, and against the will and consent of the plaintiff herein, entered into and upon the inclosure and pasture wherein the said bay mare then was, and without right, and against the will and consent of said plaintiff, chased and drove the said mare about the said inclosure and pasture, and into a corral then and there being, and while in said corral chased and drove the said mare about, until she, in attempting to escape from the said corral, jumped upon a post then and there standing, and was thereby greatly hurt, damaged, and injured, so that the said bay mare, in consequence of said hurt, damage, and injury, was killed."

By stipulation of the attorneys, the answer filed by the defendant was taken and considered as an answer to

the amended complaint herein; but it is said that no finding was made upon the issue raised by the allegations of the second count and the denials thereof. The court did find, however, that the defendant did not chase or drive the mare about the inclosure or corral "negligently or at all," and that "the defendant did not damage, hurt, or injure, or cause to be damaged, hurt, or injured, the said mare." It follows, therefore, that the material allegations of the complaint were denied, and that the findings cover the only material issue.

There is no appeal from the judgment, and there is no specification of insufficiency of the evidence to support any of the findings, nor is there any specification of error.

The order is therefore affirmed.